Billy Ray BROWN, Appellant,

v.

The GREAT-WEST LIFE ASSURANCE COMPANY, Appellee.

No. 5158.

Court of Civil Appeals of Texas, Waco.

June 29, 1972.

Rehearing Denied July 27, 1972.

Wright & Barber, Grand Prairie, for appellant.

Atwell, Malouf, Musslewhite & Bynum, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Brown from judgment non obstante veredicto that he take nothing in suit against defendant insurance company on a health insurance policy.

Plaintiff sued defendant for $784.70, medical expenses alleged to be due on a policy in force for all times for which claims were made; plus 12% penalty and attorney's fees.

Defendant answered that the policy was a group policy for employees of Ducommun Incorporated; that plaintiff's employment terminated on April 17, 1970; that plaintiff's disability was from April 21,

thru April 26, 1970, and plaintiff was not covered by the policy.

Trial was to a jury which found:

1) During the period April 19–April 25, 1970, plaintiff was absent from work by reason of a temporary layoff.

2) Prior to April 17, 1970, plaintiff incurred medical expenses as the result of an illness.

3) Plaintiff was continuously and totally disabled from such illness from April 17, thru April 26, 1970.

4) Reasonable attorneys' fees for the services of plaintiff's attorneys are; a) $500. for the trial court; b) $500. for the Court of Civil Appeals (if any); and c) $500. for the Supreme Court (if any).

The trial court rendered judgment non obstante veredicto that plaintiff take nothing.

Plaintiff appeals on one point: "The trial court erred in disregarding the verdict of the jury and granting judgment non obstante veredicto for the appellee".

The policy provided: 1) That it terminated on "the date of termination of (employees) service". 2) If "an employee is totally disabled on the date on which the insurance of the employee * * * terminates, and covered expenses have been incurred in respect of the disabling illness before the date of termination * * * the company shall continue to pay benefits * * * incurred. 1) in respect to the disabling illness, and 2) while such employee * * * is totally or continuously disabled * * * *".

Thus plaintiff is covered under the policy: 1) If plaintiff's medical expenses were incurred during temporary layoff; or 2) If plaintiff was totally disabled at the date of termination of employment, and had incurred medical expenses prior to the date of termination from the disabling illness, for which past termination medical expenses are sought.

The jury in issue 1 found that during the period April 19–25, plaintiff was absent from work by reason of temporary layoff, as asserted by plaintiff. Defendant contended plaintiff's employment had been terminated on April 17. Ducommun's bookkeeper testified plaintiff's employment was terminated on April 17, for excessive absenteeism. Plaintiff testified Mr. Lerner, the division manager called him in his office and said "Bill, because of the reduction in business, business is bad, we're going to have to lay you off because of the business". Plaintiff further testified nothing was said to him about absenteeism, and he thought he would be called back when the work increased. We think there is no evidence to sustain jury finding 1. Plaintiff's employment was thus terminated on April 17.

The jury further found that prior to April 17, plaintiff incurred medical expenses as the result of an illness; and that plaintiff was totally disabled from *such* illness from April 17 thru April 26. The record reflects plaintiff ill in November 1969, and during the first part of 1970; that he had pain in his abdominal area; that he went to the doctor for this on March 31, 1970; and again the first week in April 1970; that he was disabled from his illness; that he made an appointment with Dr. Bailey three weeks before he saw him on April 21st; that from April 12, until he was hospitalized on April 21,

plaintiff was in constant pain, that a barium x-ray taken on April 21, showed diverticulitis; that plaintiff was hospitalized through April 25, during which period he was completely unable to work.

We think the evidence ample to sustain the jury's answers to issues 2 and 3; that such answers entitled plaintiff to recover under Section 2 supra, of the policy; and that judgment that plaintiff take nothing non obstante veredicto was not proper.

Plaintiff's point is sustained.

Defendant by cross-point asserts that in the event of reversal, a remand is required because of improper argument of plaintiff's counsel. The entire jury argument is not before us; only a short excerpt contained in defendant's Bill of Exception. From the record before us error is not shown, and in any event the matter is harmless under Rule 434 Texas Rules of Civil Procedure.

Defendant's other cross-points have been considered and are overruled.

The judgment is reversed and judgment rendered for plaintiff against defendant for $465.36 (which amount was stipulated by the parties); 12% penalty thereon; attorneys' fees in the amount of $1000., plus $500. additional in the event this case is taken to the Supreme Court.

Reversed and rendered.